## Illinois Central Traction Company, Appellant, v. Marie Herman, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Action by the Illinois Central Traction Company, plaintiff, against Marie Herman, defendant, to recover an alleged overpayment of taxes. From a judgment for defendant, plaintiff appeals.

The plaintiff had leased certain property from the defendant under a lease containing the following clause:

"It is further a part of the conditions of this lease that during said term all ground, sidewalk and general taxes, also all paving, special assessments and taxes shall be paid by the party of the first part, and if the same shall not be paid before said property shall be advertised for sale to collect the same, the party of the second part shall have the right to make such payments and deduct the amount of such payments from the rent thereafter to be paid.

"Provided that in case the assessed value of said ground is increased by reason of the erection of any improvements put thereon by the second party, then the second party is to pay its portion of the taxes in proportion as the said property is enhanced in value by reason of such improvement over the present assessed value."

For several years the plaintiff had, in accordance with bills sent it by the defendant, paid the proportion of the taxes assessed on the increased value of the property resulting from improvements placed thereon by it, and brought this suit to recover the excess of

this amount over the proportion of taxes assessed on the improvements themselves.

JOHN B. HARDAWAY, GEORGE W. BLACK and JAMES A. KNOWLTON, for appellant.

A. M. FITZGERALD, for appellee; GILLESPIE & FITZGERALD, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

LANDLORD AND TENANT, § 199*—*when lessee not entitled to reimbursement for taxes paid.* Where a lessee sought to recover an alleged overpayment of its proportion of taxes on leased property, claiming that a proper construction of the lease showed that it was liable to pay only the taxes on the improvements put on the property by it and not the proportion of the taxes assessed on the increased value of the property resulting from the improvements, which it had paid in accordance with bills sent it yearly by the lessor, *held* that there being no question of fraud or misrepresentation, and the amount of taxes being a matter of public record as accessible to the plaintiff as to the defendant, no recovery could be had, it not being contended that the increased assessed valuation was due to any other cause than the improvements placed thereon by the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.